Filed 12/6/21  In re Samuel A. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re SAMUEL A., a Person Coming Under the Juvenile Court Law. | B312480 |
| | (Los Angeles County Super. Ct. No. 19CCJP00325A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| PATRICIA A., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Daniel Zeke Zeidler, Judge.  Reversed.

Liana Serobian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Patricia A., mother of now-five-year-old Samuel A., appeals the juvenile court's April 8, 2021 order denying without a hearing her petition pursuant to Welfare and Institutions Code section 388[1] and its May 7, 2021 order terminating her parental rights.[2]

On September 21, 2021 this court reversed the March 12, 2020 order appointing a guardian ad litem for Patricia and directed the juvenile court to vacate that order and all subsequent orders from hearings in which Patricia had been denied the right to directly communicate with her counsel, including the court's orders at the combined six-month and 12-month review hearing (§ 366.21, subds. (e) & (f)) and the court's order terminating Patricia's parental rights (§ 366.26). (*In re Samuel A.* (2021) 69 Cal.App.5th 67.)[3]

On October 22, 2021 we advised counsel for Patricia, Samuel and the Los Angeles County Department of Children of Family Services that, in light of our opinion in *In re Samuel A.*, *supra*, 69 Cal.App.5th 67, we intended to summarily reverse the orders at issue in this appeal unless the Department showed cause on or before November 4, 2021 why we should consider the appeal on the merits. Patricia's counsel filed a letter brief urging

---

[1]    Statutory references are to this code.

[2]    On July 27, 2021 we granted Patricia's motion to consolidate the appeals.

[3]    Although the record before us in *In re Samuel A., supra*, 69 Cal.App.5th 67 indicated the court had scheduled a combined six- and 12-month review hearing (366.21, subds. (e) & (f)), in January 2021 the court held a combined six-month review and section 366.22 hearing for Samuel.

us to summarily reverse the court's order; the Department did not respond to our order to show cause.

Accordingly, in light of our opinion in *In re Samuel A.*, *supra*, 69 Cal.App.5th 67, we reverse the juvenile court's order of April 8, 2021 summarily denying Patricia's section 388 petition without a hearing and its May 7, 2021 order terminating her parental rights.[4]


                                        PERLUSS, P. J.
    We concur:



        SEGAL, J.



        FEUER, J.

---

[4]     Although our disposition in *In re Samuel A.*, *supra*, 69 Cal.App.5th 67 did not provide express directions to the juvenile court as to how to proceed on remand, it would seem Patricia is likely entitled to a new hearing pursuant to section 366.22.  However, we leave it to the juvenile court to decide in the first instance, and in accordance with current circumstances, what should happen next in the case, keeping in mind the governing statutes and the parties' respective burdens.